## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. PERRA et al.

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5697.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Edward P. Kelly, of Minneapolis, Minn., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is another of the Sacramento Suburban Fruit Lands cases.

In March, 1922, the appellees entered into a contract with the appellant for the purchase of a 10-acre tract in the district in question. The contract was made in the state of Minnesota, and up to that time, so far as the record discloses, the appellees had not visited or seen the tract so contracted for. The appellees came to California in November of that year and examined the land, but were dissatisfied with it because it was low and flat and had no building site. One of the appellees therefore spent about a week looking over the lands owned by the appellant and other lands in the vicinity and finally entered into a contract for the purchase of a similar tract, relinquishing the first. The present action was based on representations made in relation to the second sale, the complaint setting forth the usual false representations, first, as to the fertility and adaptability of the soil, and, second, as to the value of the land.

Upon the latter question the court instructed the jury, as follows: "And then the representation that the land is worth $375 an acre in value. In connection with that you must remember this, a seller can fix any price on what he wants to sell and commit no wrong; it may be worth only a dollar, and yet he may ask ten dollars as the price, and if he sells it for that there is no falsehood and no fraud in that; but when he comes to say that it is a value of a certain amount, that is a different thing. If he falsely represents the value under circumstances which make it a material consideration, and it is in this case a material consideration, and representation, if it is not of that value that is fraud."

Again: "If they got full value for their money, no matter what false representations were made, they are not damaged. That comes right back again to the value of what they got. If the land was worth $375 an acre, that ends the case. No matter what the representations were they are not entitled to recover, because they got full value. If they got less than that they would be entitled to recover the difference. The defendant does not lose anything, it just gives back what it unjustly took, if it got it by false representations, as I have stated."

It will thus be seen that the court instructed the jury that the representation as to value, standing alone, was actionable, if false, notwithstanding the appellees inspected the land and looked over other lands in the vicinity for a period of about a week before making the purchase and had full opportunity to investigate for themselves. It may

be conceded that under some circumstances a representation as to value is actionable, if false, but the rule is general, if not universal, that such a misrepresentation, standing alone, is not actionable under the facts disclosed by the present record. Lehigh Zinc & Iron Co. v. Bamford, 150 U. S. 665, 14 S. Ct. 219, 37 L. Ed. 1215; Vulcan Metals Co. v. Simmons Mfg. Co. (C. C. A.) 248 F. 853; 26 Corpus Juris, 1215.

Other rulings complained of have been sufficiently considered in the different cases this day decided.

The judgment is reversed, and the cause remanded for a new trial.